UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: OAK HEE KIM'S
PETITIONS FOR LEAVE TO
FILE FIVE CIVIL ACTIONS

CIVIL ACTION NO. 17-mc-91118-NMG

MEMORANDUM AND ORDER

GORTON, D.J.

For the reasons stated below, the motion to proceed in forma pauperis (ECF No. 4) is ALLOWED, the motion for appointment of counsel (ECF No. 5) is DENIED, the petitions for leave to file proposed actions (ECF Nos. 1 and 2) are DENIED, and the action is DISMISSED.

I. Background

Petitioner Oak-Hee Kim, also known as Oak-Hee Ruesch, is an abusive *pro se* filer.[1] She is enjoined from filing any paper in the United States District Court for the District of Massachusetts without first obtaining leave of court. The enjoinment order states:

> [I]f Oak-hee Ruesch undertakes to file any additional papers in this Court, she shall file a written petition seeking leave to do so. The

---

[1] Plaintiff's litigation history in this district is well documented. Eight of petitioner's actions have been dismissed either on the merits or for failure to comply with the enjoinment order. See Ruesch v. Dillon et al., 00-cv-12163-NG (dismissed), Ruesch v. Wellesley Housing, 02-cv-12382-NG (dismissed), Ruesch v. Malerba et al., 03-cv-12036-NG (dismissed); Ruesch v. Goodhue, 04-cv-11166-NG,(dismissed); Ruesch v. Goodhue, 04-cv-12390-NG (dismissed); Kim v. Newton Housing Authority, 15-cv-11487-GAO (removed action dismissed for failure to comply with enjoinment order), Kim v. Housing and Urban Development, 15-cv-11817-GAO (dismissed for failure to comply with enjoinment order); Kim v. MCAD,15-cv-12309-WGY (dismissed for failure to comply with enjoinment order). Plaintiff has also sought leave to file complaints under the enjoinment orders on three other occasions. See In re: Kim, 14-mc-91016-FDS (leave to file denied); In re Kim, 15-mc-91420-NMG (leave to file denied); and 16-mc-91293-DJC. Only once has petitioner been permitted to file complaints, unrelated to the issues raised in this petition. In re Kim, 16-mc-91293.

1

> petition must contain a copy of this order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them, for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court. Ruesch is instructed that any failure to comply with these requirements may result in additional sanctions, including monetary fines.

Ruesch v. Goodhue, 04-cv-12390-NG (November 21, 2004, p. 3, ECF No. 7). Plaintiff now brings two petitions, along with over 1000 pages of submissions, seeking leave to file five separate actions in this Court. Her claims, broadly, encompass two areas: (1) claims relating to her eviction from a Wellesley Housing Authority property in approximately 2002, and (2) claims that the Newton Housing Authority is using salt and sand during the winter near her housing (the salt purportedly aggravating her alleged Multiple Chemical Sensitivity) along with other ancillary claims. On April 24, 2017, along with the petitions and proposed complaints, petitioner also filed a motion to proceed with this petition in forma pauperis and a motion for appointment of counsel.

II. Discussion

    A. Motion to Proceed In Forma Pauperis is Allowed.

The Court has reviewed petitioner's motion to proceed in forma pauperis and find that it is meritorious. Pursuant to 28 U.S.C. § 1915(a), the motion is ALLOWED.

    B. The Motion for Appointment of Counsel is Denied.

Because there is no constitutional right to counsel in a civil case, and the exceptional circumstances that warrant the appointment of counsel are not present here, the motion to appoint counsel is DENIED. King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998).

    C. Petitions for Leave to File Five Complaints are Denied.

In the context of reviewing the present petitions of an enjoined litigant for leave to file proposed actions, it is "well established that it is proper and necessary for an injunction to issue

barring a party ... from filing and processing frivolous and vexatious lawsuits." Lu v. Menino, 98 F. Supp. 3d 85, 108 (D. Mass. 2015)(quoting Gordon v. U.S. Dept. of Justice, 558 F.2d 618, 618 (1st Cir.1977)). Had these actions been filed in the ordinary course, the Court would have the "inherent authority to dismiss a frivolous or malicious complaint *sua sponte*." Akande v. John Doe 1, No. CIV.A. 12-10742-RWZ, 2012 WL 1658981, at *1 (D. Mass. May 10, 2012)(citing Mallard v. United States District Court, 490 U.S. 296, 307–08 (1989); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363–64 (2d Cir.2000)). To the extent that petitioner were to proceed in forma pauperis, the proposed actions would be subject to the screening requirements under 28 U.S.C. §1915(e)(2)(B).

Furthermore, a proposed complaint must comply with the basic pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and...a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3)(emphasis supplied). This statement must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). It must afford the defendants a "[']meaningful opportunity to mount a defense,' " Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). The court may dismiss a complaint that fails to comply with the "short and plain statement" requirement. Kuehl v. Fed. Deposit Ins. Co., 8 F.3d 905, 908 (1st Cir. 1993). "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim ... must be dismissed." Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972).

Turning to the petitioner's proposed filings, the submission by an enjoined petitioner of five proposed complaints which, including exhibits, comprise over 1,000 pages of material is, itself, cause for concern. After review of the proposed complaints, the Court finds that they are rambling, chronological narratives of events in some cases dating as far back as 1996. No matter how much the petitioner believes in her claims, they suffer in various degrees as being factually or legally frivolous attempts to sidestep prior court orders or judgments, and/or fail to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Accordingly, the petitions for leave to file the proposed complaints are DENIED.

III.    Conclusion and Order

For the reasons stated herein,

1. Petitioner's Motion to Proceed In Forma Pauperis (ECF No. 4) is ALLOWED.

2. Petitioner's Motion for Appointment of Counsel (ECF No. 5) is DENIED.

3. Petitions for Leave to Amend (ECF Nos. 1 and 2) are hereby DENIED, the Action is DISMISSED, the Clerk is directed to CLOSE this case.

SO ORDERED.

11/3/17
DATE

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE